Calvin SCHMIDT, petitioner, Appellant,

v.

INDEPENDENT SCHOOL DISTRICT
NO. 1, AITKIN, Minnesota,
Respondent.

No. C3–83–1691.

Court of Appeals of Minnesota.

May 15, 1984.

John R. Tunheim, Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, for appellant.

Michael F. Ryan, Ryan, Ryan & Zimmerman, Aitkin, for respondent.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and LANSING, JJ.

## OPINION

POPOVICH, Chief Judge.

This is an appeal of the decision of the Board of Education of Independent School District No. 1, Aitkin, Minnesota (Board), to place appellant Calvin M. Schmidt on an unrequested leave of absence. The bases of the Board's decision were discontinuance of a teaching position, lack of pupils, and financial limitations, three of the statutory grounds of Minn.Stat. § 125.12, subd. 6b (1982). Appellant challenges the sufficiency of the notice of proposed termination, the procedural fairness of the hearing and decision-making process, and the sufficiency of the evidence supporting the Board's decision. We reverse and remand.

## FACTS

On January 28, 1983, the president of the Aitkin Education Association was notified of anticipated staff reductions pursuant to a provision of the Master Contract between the School District (District) and the teachers' association. The written notice included the following paragraph:

We anticipate the position of Mr. Cal Schmidt (Mr. Wm. Newgren), to be terminated. It appears that band and choir will be offered on alternate days next year. The secondary instrumental teacher will not be required to teach elementary lessons. These changes will allow the reduction of our instrumental staff by one position.

The letter was signed by Patrick DeSutter, Superintendent of Schools.

On May 2, 1983, the Board passed a resolution which stated:

1. That it is proposed that Calvin F. Schmidt, a teacher of said school district, be placed on unrequested leave of absence without pay or fringe ben-
efits, effective at the end of the 1982–83 school year on May 27, 1983, pursuant to M.S. 125.12, subdivision 6b.

. . . .

3. That the grounds of said notice are within the grounds for unrequested leave placement as set forth in M.S. 125.12, Subdivision 6b, and are hereby adopted as fully as though separately set forth and resolved herein.

The resolution also directed that the statutory notice be sent to appellant and even prescribed the basic form of the notice. Board members Carlson, Cummings, Just and Turnbull voted in favor of the resolution. Members Norris, Rom and Peterson opposed it.

On May 4, 1983, appellant was served notice of his proposed termination. The letter provides:

You are hereby notified that at the special meeting of the Board of Education of Independent School District No. 1, Aitkin, Minnesota, held on May 2, 1983, consideration was given to your placement on unrequested leave of absence without pay or fringe benefits as a teacher of Independent School District No. 1, and a resolution was adopted by a majority vote of the Board, proposing your placement on unrequested leave of absence effective at the end of the 1982–83 school year on May 27, 1983, pursuant to Minnesota Statutes 125.12, Subdivision 6b, upon the grounds described in said statute and which is specifically discontinuance of position.

Under the provisions of the law, you are entitled to a hearing before the School Board provided that you make a request in writing within fourteen days after receipt of this notice. If no hearing is requested within such period, it shall be deemed acquiescence by you to the School Board's proposed action.

Sincerely,
BOARD OF EDUCATION
INDEPENDENT SCHOOL
DISTRICT NO. 1
Clerk

The notice is identical to the form adopted in the Board's May 2, 1983 resolution. A copy of the resolution, however, was not attached to the notice. ·

On May 17, 1983 appellant served the Board his written request for a hearing. A hearing date of May 27, 1983 was set. On May 24, 1983 the parties agreed to postpone the hearing until June 8, 1983. The agreement included a waiver of the statutory requirement that the Board serve its written decision by June 1, 1983.

The hearing was held on June 8, 1983 and Board Chairman Carlson presided. Appellant's counsel immediately moved to dismiss the hearing due to the absence of an independent hearing examiner. Counsel indicated there would be disputes over the admissibility of evidence and cited four decisions of the Minnesota Supreme Court concerning the desirability of having an independent hearing examiner. The Board's counsel called for a recess and had an off the record discussion with the Chairman.

Reconvening, the Chairman denied the motion. Before continuing, however, appellant's counsel requested that the Chairman acknowledge on the record that he was a member of the Board and had previously voted to place appellant on unrequested leave. A continuing objection to proceeding with the hearing was recorded.

Patrick DeSutter, Superintendent of Aitkin schools, was the School District's first and only witness. DeSutter has been Superintendent for Aitkin for 12 years. He previously spent seven years as Superintendent for the Inver Grove Heights School District. DeSutter testified about the District's drop in overall student enrollment, its anticipated financial difficulties, and the reason for eliminating an instrumental music teaching position. Appellant's counsel timely objected to any testimony relating to declining enrollment and financial difficulties arguing that no notice of those grounds had been provided. The objections were overruled.

At the close of the District's case, appellant's counsel moved to dismiss for lack of substantial and competent evidence of elimination of a position. The Chairman denied the motion, stating: "I guess I feel we would not have placed him on a leave of absence if we didn't feel we had the grounds to do that so I have to overrule then." The Chairman also stated, however, that the Board would consider the evidence presented at the hearing.

The Board met on June 13, 1983 at 7:03 p.m. At that meeting each member was presented with two resolutions drafted by the District's counsel; one draft placed appellant on unrequested leave, the other retained him. The District's counsel also distributed a draft decision, findings of fact and order should the Board decide to place appellant on unrequested leave.

The Board voted 4–3 to terminate appellant and the majority adopted the draft decision without change. The members voting in favor of the termination were Rom, Peterson, Norris and Carlson. The Board adjourned at 7:45 p.m.

## ISSUES

1. What grounds for termination were properly noticed by the Board's notice of proposed placement on unrequested leave of absence?

2. Whether the Board's decision to place appellant on unrequested leave of absence should be vacated for failure to employ an independent hearing examiner?

3. Whether there was a violation of due process when counsel for the District presented the School Board's case, advised the Board Chairman on legal rulings, and drafted the findings of fact and order placing appellant on unrequested leave?

4. Whether the Board's decision to place appellant on unrequested leave of absence is supported by substantial and competent evidence in the record?

## ANALYSIS

### Standard of Review

1. Our limited scope of review in teacher terminations under Minn.Stat. § 125.-

12 (1982) is well settled. On appeal to this court, a school board's decision to terminate a teacher will be set aside only if the decision is fraudulent, arbitrary, unreasonable, not supported by substantial evidence on the record, not within the school board's jurisdiction, or is based on an erroneous theory of law. *Whaley v. Anoka-Hennepin Indep. School Dist. No. 11*, 325 N.W.2d 128, 130 (Minn.1982) (citing *Ganyo v. Independent School Dist. No. 832*, 311 N.W.2d 497, 500 (Minn.1981)).

*State ex rel. Dreyer v. Board of Education of Independent School District No. 542, Battle Lake*, 344 N.W.2d 411, 413 (Minn.1984). *See also Laird v. Independent School District No. 317, Deer River*, 346 N.W.2d 153, 156 (Minn.1984) (absent a determination that the school board acted arbitrarily, capriciously or unreasonably, this court cannot interfere with the school board's decision as to the existence of statutory grounds for discharge, provided the board acted in good faith and on a correct interpretation of the law).

### Appropriate Notice Requirements

1. Minn.Stat. § 125.12 controls termination of a teacher's contract. Subdivision 6b of the statute specifically permits placement of a teacher on unrequested leave of absence. The statute provides in part:

> The school board may place on unrequested leave of absence, without pay or fringe benefits, as many teachers as may be necessary because of discontinuance of position, lack of pupils, financial limitations, or merger of classes caused by consolidation of districts. The unrequested leave shall be effective at the close of the school year. . . .

Minn.Stat. § 125.12, subd. 6b (1982).

By virtue of subdivision 6b(i), the requirements of subdivisions 3 and 4 relating to teacher terminations apply to placements on unrequested leave of absence. Part of subdivision 4 states:

> Before a teacher's contract is terminated by the board, the board shall notify the teacher in writing and state its ground for the proposed termination in reasonable detail together with a statement that the teacher may make a written request for a hearing before the board within 14 days after receipt of such notification.

Minn.Stat. § 125.12, subd. 4 (1982).

The letter the Board sent appellant in compliance with subdivision 4 includes notice that:

> a resolution was adopted by a majority vote of the Board, proposing your placement on unrequested leave of absence effective at the end of the 1982–83 school year on May 27, 1983, pursuant to Minnesota Statutes 125.12, Subdivision 6b, upon the grounds described in said statute which is specifically discontinuance of position.

Appellant maintains that the grounds of "lack of pupils" and "financial limitations" were not properly noticed by this letter and therefore should not have been considered by the Board.

The Minnesota Supreme Court "has consistently held that a school board is required to comply strictly with the provisions of section 125.12 in discharging a teacher who has a continuing contract." *Herfindahl v. Independent School District No. 126, Clara City*, 325 N.W.2d 36, 38 (Minn.1982) (citation omitted). The Court has specifically held that the strict compliance rule applies to the statutorily required notice of proposed termination. In *Perry v. Independent School District No. 696*, 297 Minn. 197, 210 N.W.2d 283 (1973) the court stated:

> We held in *Zeller v. Prior Lake Public Schools*, 259 Minn. 487, 108 N.W.2d 602 (1961), that the statute requires notice of *proposed* termination and not of termination itself and that the requirements of specifying the grounds and of informing the teacher that she could request a hearing must be strictly followed. We must therefore conclude that plaintiff's continuing contract with defendant school district was never terminated according to the statute.

*Id.* at 204, 210 N.W.2d at 288.

The Court has, however, made exceptions to the strict compliance rule in at least

three cases.[1] In *Jordahl v. Independent School District No. 129*, 302 Minn. 286, 225 N.W.2d 224 (1974), an unrequested leave of absence case, for example, the notice sent to the teacher stated:

"... [A] resolution was adopted by a majority vote of the board, proposing to terminate your teaching contract effective at the end of the 1972–1973 school year pursuant to Minnesota Statutes 125.12 upon the grounds in said statute and which are specifically as follows:

"1. To reduce expenditures, for the better utilization of school district funds and for the better utilization of school district personnel through combination of positions."

*Id.* at 291, 225 N.W.2d at 228. The teacher contended there that this language did not give notice of the statutory ground of discontinuance of position. *Id.*

The Supreme Court rejected the teacher's contention. Referring to *Fisher v. Independent School District No. 118*, 298 Minn. 238, 215 N.W.2d 65 (1974), the Court said:

although the notice does not specifically use the words "discontinuance of position," a fair reading of it clearly conveys to the teacher that her position was being discontinued. The notice in the instant case seems no less clear in conveying the school board's actual intention.

*Id.* at 292, 225 N.W.2d at 228.

■ In the present case, the notice of proposed termination informed appellant that the bases of the proposed termination were the statutory grounds of Minn.Stat. § 125.12, subd. 6b. The notice also specifically stated "discontinuance of position" as the primary basis for the termination. Although "lack of pupils" and "financial limitations" were not expressed separately, they are grounds enunciated in Minn.Stat. § 125.12, subd. 6b and were therefore placed at issue by the notice.

*Independent Hearing Examiner*

■ 2. Minn.Stat. § 125.12 (1982) does not require a school board to employ an independent hearing examiner when conducting an unrequested leave hearing. Subdivision 4 simply provides for "a hearing before the board."

The Minnesota Supreme Court has strongly recommended, however, that school boards employ an independent hearing examiner in all cases. The most recent recommendation came in *Ganyo v. Independent School District No. 832*, 311 N.W.2d 497 (Minn.1981). In *Ganyo* the Court said:

We have questioned the fairness of termination proceedings under our current statute, which permits local school boards to exercise the three-part role of prosecutor, judge and jury. *Kroll v. Independent School Dist. No. 593*, 304 N.W.2d 338, 345 (Minn.1980); *Liffrig v. Independent School Dist. No. 442*, 292 N.W.2d 726, 730 (Minn.1980). In *Kroll*, decided after the hearing in petitioner's case was conducted, we emphasized that, *absent unusual or extenuating circumstances, a hearing examiner should be hired in all cases.* 304 N.W.2d at 345 n. 3. We suggest that the hearing examiner not be limited to taking evidence but, by analogy to the Administrative Procedure Act, Minn.Stat. § 15.052, subd. 3 (1980), also make detailed findings and conclusions which would then be available to the school board in reaching its decision on termination. We might add that our review of the record discloses that the school board here, even though under severe time restraints and presented with numerous evidentiary problems, conducted the hearing in a conscientious and fair manner.

*Id.* at 499 n. 2 (emphasis added).

■ The District asserts that an unrequested leave of absence termination is one of the exceptional cases not requiring an

1. *See Herfindahl v. Independent School District No. 126, Clara City*, 325 N.W.2d 36, 39 (Minn. 1982); *Jordahl v. Independent School District No. 129*, 302 Minn. 286, 292, 225 N.W.2d 224, 228 (1974); and *Fisher v. Independent School District No. 118*, 298 Minn. 238, 242, 215 N.W.2d 65, 68 (1974).

independent hearing examiner. This assertion is based on the limited number of witnesses that are generally called and the dry, statistical nature of the evidence. We disagree. A termination based on a teacher's alleged conduct may involve more testimony and call for an increased number of legal rulings than an unrequested leave of absence termination. In both types of cases, however, the board sits in judgment of its proposed action. We note that in the recent case of *Laird v. Independent School District No. 317, Deer River*, 346 N.W.2d 153, 155 (Minn.1984) the school district employed an independent hearing examiner in an unrequested leave termination. We find no exceptional circumstances explaining the Board's failure to hire an independent hearing examiner in this case. On remand the Board shall hire a qualified hearing examiner to perform the role described in *Ganyo*. Among those qualified to serve as the hearing examiner are:

(1) Retired judges.

(2) A state hearing examiner hired pursuant to Minn.Stat. § 14.55 (Supp.1983).

(3) An arbitrator qualified by the State Public Employment Relations Board pursuant to Minn.Stat. § 179.72 (Supp.1983).

### District Counsel Role

■ 3. Counsel for the District presented the case for terminating appellant, advised the Board Chairman on legal rulings, drafted and presented the findings of facts and order terminating appellant. Although employing an independent hearing examiner should alleviate the problem, this three-part role of the District's counsel is a separate ground for reversing the Board's decision.

In the leading procedural due process case, the United States Supreme Court said: "[t]he fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)). We hold that the influ-ence afforded counsel performing prosecutorial, judicial, and fact finding roles is so potentially extensive that it taints a teacher's right to be heard in a meaningful, impartial manner. Other jurisdictions have reached a similar conclusion.

In *Appeal of Feldman*, 21 Pa.Commw. 451, 346 A.2d 895 (1975), for example, the school district's solicitor prosecuted and prepared or assisted in preparation of the board's adjudication dismissing Feldman. Stating that it was not the fact that the conflict resulted in prejudice but rather "the necessity that governmental bodies charged with decision making functions avoid the 'appearance of possible prejudice'", the court reversed the dismissal. *Id.* at 452, 346 A.2d at 896 (quoting *Horn v. Township of Hilltown*, 461 Pa. 745, 748, 337 A.2d 858, 860 (1975)).

A federal district court in California reached the same result in *Gonzales v. McEuen*, 435 F.Supp. 460 (C.D.Cal.1977), a student expulsion case. There the school district's attorneys acted as prosecutors and as legal advisors to the school board. The court concluded that "the confidential relationship between the attorneys for the District and the members of the Board, reinforced by the advisory role played by the attorneys for the Board, created an unacceptable risk of bias." *Id.* at 465; *see also Lockhart v. Board of Education of Arapahoe County School District No. 6*, 668 P.2d 959, 960–61 (Colo.Ct.App.1983); *Monahan v. Board of Trustees of Elementary School District No. 9*, 486 P.2d 235, 238 (Wyo.1971); *Miller v. Board of Education of School District Number 132, Cook County*, 51 Ill.App.2d 20, 41, 200 N.E.2d 838, 848 (Ill.App.Ct.1964).

4. Our resolution of the procedural issues makes a determination of the sufficiency of the evidence unnecessary. We therefore do not reach the issue.

### DECISION

The June 13, 1983 decision of the Board to place appellant on unrequested leave of absence is reversed and remanded for a

new hearing. The Board shall retain an independent hearing examiner to conduct the hearing and receive evidence of discontinuance of position, lack of pupils and financial limitations justifying placement of appellant on unrequested leave of absence. The hearing examiner shall also make written findings of fact and a recommendation. The final decision then rests with the Board.

The time limitation of Minn.Stat. § 125.-12, subd. 10 (1982) having been waived initially shall not apply to the rehearing. The Board shall, however, set a mutually convenient date for the hearing and issue its decision expeditiously.

Reversed and remanded.