**ROSEVILLE EDUCATION ASSOCIATION, et al., Petitioner, Respondents,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 623, Appellant.**

No. C8–84–532.

Court of Appeals of Minnesota.

Aug. 28, 1984.

Donald W. Selzer, Jr., Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, for respondents.

Joseph E. Flynn, Peterson, Knutson, Flynn & Hetland, St. Paul, for appellant.

Paul W. Hetland, Susan J. Schoell, St. Paul, for amicus curiae, MN School Boards Association.

Heard, considered, and decided by LANSING, P.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

WOZNIAK, Judge.

After being placed on an unrequested leave of absence, two school teachers, Gregory Bartley and Carol Durham, through their union, filed a grievance complaining that the school district had retained a teacher with less seniority in a "dean" position. A hearing was held before the school board and presided over by an independent hearing examiner. She submitted written findings that the teachers were not entitled to bump the "dean" from her position under the Public Employment Labor Relations Act, Minnesota Statutes Section 179.61–76 (1982). The school board adopted the findings and the teachers appealed to the trial court. The trial court determined that retaining the less senior "dean" was a violation of the Continuing Contract Act, Minnesota Statutes Section 125.12 (1982). The school district appeals. We affirm.

## FACTS

Because of a decrease in enrollment, Independent School District No. 623 placed several teachers on unrequested leaves of absence. Two teachers, Gregory Bartley and Carol Durham, had seniority dates of August 31, 1976 and September 6, 1977 respectively.

The district employs six persons as "deans." The position's job description was stipulated to by the parties, which the trial court summarized as follows:

> deans report to the principal of their school; their objectives include managing "assigned unit teams so as to offer the students the best possible opportunities for educational and personal development" and "to provide leadership which

will motivate instructional and supporting personnel"; they are to direct the professional staff and carry out performance review systems for teachers; they are to assist the principal in the selection of new professional staff for whose performance the dean will be responsible.... deans have direct supervision over teachers in their assigned units. The State Director of Mediation Services has determined that deans are "supervisors" as the term is defined by the Minnesota Public Employment Labor Relations Act .... the deans are not in the teacher bargaining unit, which is represented by petitioner Roseville Education Association.

The district requires all persons employed as deans to hold teaching licenses, though no particular license is required. One of the six deans, Donna Studer, has a seniority date of August 29, 1978, giving her less seniority than either Bartley or Durham.

### ISSUE

If "deans" are teachers, does Minnesota Statutes Section 125.12(6b) subject them to the seniority claims of other teachers?

### ANALYSIS

■ Court review of school board decisions is narrow. The court can neither hear the case de novo nor substitute its findings for those of the school board. *Kroll v. Independent School Dist. No. 593*, 304 N.W.2d 338 (Minn.1981). The board's findings will be overturned only if they are "fraudulent, arbitrary, unreasonable, not supported by substantial evidence on the record, not within the school board's jurisdiction, or based on an erroneous theory of law." *Whaley v. Anoka-Hennepin Ind. School Dist. No. 11*, 325 N.W.2d 128, 130 (Minn.1982) (quoting *Ganyo v. Independent School District No. 832*, 311 N.W.2d 497, 500 (Minn.1981). Here, the district adopted the hearing examiner's opinion that the district need not hire the teachers on unrequested leave of absence (ULA) as "deans" under the Public Employment Labor Relations Act, Minnesota Statutes Section 179.61–76 (1982). Teachers' ULA rights, however, are not governed by PELRA, but are governed by Minnesota Statutes Section 125.12 (1980). The district admits this in their brief. Thus, the district proceeded on an erroneous theory of law. This court must then examine whether the ULA teachers should have been offered the "dean" position under Minnesota Statutes Section 125.12 (1982).

■ The master contract between the district and the Roseville Education Association does not contain a negotiated ULA clause. The teacher's rights on ULA are governed, therefore, by the Continuing Contract Act. Minn.Stat. § 125.12(6b) (1982). The Act provides an order of layoff:

(a) The board may place probationary teachers on unrequested leave first in the inverse order of their employment. No teacher who has acquired continuing contract rights shall be placed on unrequested leave of absence while probationary teachers are retained in positions for which the teacher who has acquired continuing contract rights is licensed;

(b) Teachers who have acquired continuing contract rights shall be placed on unrequested leave of absence in fields in which they are licensed in the inverse order in which they were employed by the school district. In the case of equal seniority, the order in which teachers who have acquired continuing contract rights shall be placed on unrequested leave of absence in fields in which they are licensed shall be negotiable.

Minn.Stat. § 125.12(6b) (1982). The district concedes that deans are "teachers" under the statute.

■ The statute is unambiguous. Its plain meaning is that all "teachers" within the statutory definition of the term are subject to the seniority claims of other teachers. No distinction is made between administrative and teaching positions.

■ Section 125.12 has been interpreted by an Attorney General's Opinion. Two of the questions answered in the opinion cen-

tered around the rights of teachers and supervisory personnel to "bump" each other under Minnesota Statutes Section 125.-12. When asked if a principal on ULA could bump a teacher of less seniority, the Attorney General answered:

the rules stated in subdivisions 6a and 6b apply equally to principals and teachers and treat them as one group which is generally referred to as "teachers."

Those persons falling within the definition of "teacher" are placed on unrequested leave of absence according to a procedure employing *two determining factors, i.e. date of employment and areas of certification.*

Op.Att'y Gen: No. 172–d (1975), *found in,* 8 Minn. Legal Register 52, 56 (1975) (emphasis added). If the principal is certified for the position and has more seniority than the teacher, the principal may bump the teacher.

■ In the reverse situation, where a teacher of greater seniority, licensed for administrative duties, seeks to bump a principal of less seniority, the Attorney General had to "answer this question in the affirmative for the reasons given in response to question number twenty [quoted above]." Although the Attorney General noted that "school boards traditionally have had broad discretion in the area of selecting the most suitable persons to fill both administrative and teaching positions," the opinion nonetheless found that:

[s]ection 125.12, subd. 6b does not, however, distinguish between certified classroom teachers and certified administrators in providing for unrequested leave. When two "teachers" are certified to serve as principal, the date of employment by the district and not the time spent in the certified area controls, according to the terms of the statute.

*Id.* Any "teacher" under Section 125.12(1) qualified for a position with greater seniority than another "teacher" in the position may take the less senior teacher's position.

The district offered a number of persuasive policy arguments showing the lack of wisdom of a statute which requires dis-

tricts to appoint administrators on seniority rather than merit. This court is constrained, however, by clear wording of an unambiguous statute. Minn.Stat. § 645.16 (1982). The district's arguments more properly should and hopefully will be made before the legislature.

## DECISION

The trial court correctly determined that, as part of the definition of "teachers" under Minnesota Statutes Section 125.12, deans were subject to the seniority rights of other teachers with the proper licensure.

Affirmed.