356 N.W.2d 438 (1984)
Terrance PEARSON, Respondent,
v.
SCHOOL BOARD OF INDEPENDENT SCHOOL DISTRICT NO. 381, Appellant.
No. C3-84-356.
Court of Appeals of Minnesota.
October 23, 1984.
*439 Don L. Bye, Halverson, Watlers, Bye, Downs & Maki, Ltd., Duluth, for respondent.
James N. Abelsen, Edgerton, Theobald & Abelsen, Duluth, for appellant.
Heard, considered and decided by POPOVICH, C.J., and PARKER and LANSING, JJ.

OPINION
POPOVICH, Chief Judge.
Appellant appeals from a judgment finding appellant improperly placed respondent on involuntary leave of absence. Appellant claims there was substantial evidence supporting the school board's decision to place respondent on involuntary leave of absence. Appellant also asserts the trial court erred by substituting its judgment for that of the school board. We affirm in part, reverse in part, and remand.

*440 FACTS
Respondent Terrance Pearson was employed as a math teacher and administrator from 1970 until 1981. In 1981, respondent was working solely as the special education director and alternative program facilitator. Prior to 1981, school board members and school administrators made several attempts to terminate respondent's employment.
On April 23, 1981, respondent was notified the school board intended to place him on unrequested leave of absence. Reference was made to a half-time position, but no offer of employment was included. Respondent requested a hearing on the matter.
Despite respondent's requests for the appointment of an independent hearing examiner, the school board conducted the hearing on May 26 and June 3, 1981. Appellant's counsel assisted the board, and the board rejected most of respondent's procedural and evidentiary objections. One board member may have coached a school district witness.
At the conclusion of the hearing, the board agreed to provide respondent with a written transcript of the hearing upon which he could prepare a written closing argument. Without receiving respondent's written closing argument, the board eliminated respondent's position and concluded there was no other position in the district that Pearson could fill. This action took place on August 11, 1981. At the same meeting, the board hired a new full-time high school math teacher and a new part-time special education consultant. The board did not offer these positions to Pearson.
Pearson sought review of the board's actions in district court. The district court found the school board failed to comply with the statutory requirements for unrequested leave of absence under Minn.Stat. § 125.12, subds. 6a-b. The district court found Pearson was denied due process by the board and that the board acted arbitrarily and capriciously. The district court ordered Pearson reinstated to his former position with full salary and fringe benefits. The district court also ordered the district to pay full back pay for the period Pearson would have been employed, except for the 12 months immediately preceding the date of the court's order.

ISSUES
1. Was the school board's decision to place Pearson on unrequested leave of absence improper?
2. Did the district court correctly order Pearson reinstated to his former position with partial back pay?

ANALYSIS

1. Scope of Review.

This court is not bound by the conclusions reached by the district court in its review of this matter.
[I]t is our function to make an independent examination of an administrative agency's record and decision and arrive at our own conclusions as to the propriety of that determination without according any special deference to the same review conducted by the trial court.
Reserve Mining Co. v. Herbst, 256 N.W.2d 808, 824 (Minn.1977); accord Kroll v. Independent School District No. 593, 304 N.W.2d 338, 342 (Minn.1981).
Our scope of review of a school board's decision to place a teacher on unrequested leave of absence is limited.
A school board's decision to terminate a teacher or principal should be set aside only if the decision is fraudulent, arbitrary, unreasonable, not supported by substantial evidence on the record, not within the school board's jurisdiction, or is based on an erroneous theory of law.
Liffrig v. Independent School District No. 442, 292 N.W.2d 726, 729 (Minn.1980); see Kroll, 304 N.W.2d at 342; Roseville Education Association v. Independent School District No. 623, 353 N.W.2d 691 (Minn.Ct. App.1984).

*441 2. Due Process.

The school board's refusal to hire an independent hearing examiner violated respondent's right to due process.
[A]bsent unusual or extenuating circumstances, a hearing examiner should be hired in all cases.
Schmidt v. Independent School District No. 1, 349 N.W.2d 563, 567 (Minn.Ct.App. 1984) (quoting Ganyo v. Independent School District No. 832, 311 N.W.2d 497, 499 n. 2 (Minn.1981)). An unrequested leave of absence hearing is not an exceptional circumstance in and of itself. Schmidt, 349 N.W.2d at 568. The record does not disclose any exceptional circumstances justifying the board's failure to hire an independent hearing examiner.
Although the failure to hire a hearing examiner is sufficient grounds upon which to overrule the decision of the board, the record is replete with other due process violations. The record indicates the board received evidence prior to the commencement of the hearing, one board member may have coached a witness, and the school district's counsel aided the board in conducting the proceeding. See id. Instead of receiving Pearson's written closing argument, the board summarily rendered its decision. Under these circumstances, the board's actions may also be characterized as arbitrary and capricious.

3. Seniority.

Under Minn.Stat. § 125.12, subd. 6b (1980), Pearson should have been offered another position for which he was qualified.
Any `teacher' under Section 125.12(1) qualified for a position with greater seniority than another `teacher' in the position may take the less senior teacher's position.
Roseville Education Association, 353 N.W.2d at 694. In its order dated August 11, 1981, the school board stated, "There is no position in the district for which Terrance Pearson is certified which is held by a person with less seniority than he." At the same meeting, however, the board hired a new full-time math teacher and a new part-time special education director. Respondent should have been offered these positions for which he was qualified.

4. Reinstatement.

Instead of remanding this matter to the school district, the district court made its own findings and ordered Pearson reinstated. The district court concluded "that remand, or further proceedings by the Board, would serve no purpose in this case."
The trial court should have remanded this matter to the board with instructions to appoint an independent hearing examiner. See Reserve Mining Co. v. Minnesota Pollution Control Agency, 267 N.W.2d 720, 723 (Minn.1978). The trial court should not have heard the case de novo or substituted its judgment for that of the school board. Kroll, 304 N.W.2d at 342; Roseville Education Association, 353 N.W.2d at 693.
Ordinarily, this court would remand this matter for further proceedings consistent with our opinion. See, e.g., Schmidt, 349 N.W.2d at 568-69. Despite our misgivings about the form of the district court's review and order, however, the trial court's conclusions are thoroughly supported by the record. A long period of time has elapsed since Pearson was placed on leave of absence in 1981, and further proceedings would serve no useful purpose.

5. Back Pay.

Minn.Stat. § 125.12, subd. 11 (1982) provides:
The pendency of judicial proceedings shall not be ground for postponement of the effective date of the school board's order, but if judicial review eventuates in reinstatement of the teacher, the board shall pay the teacher all compensation withheld as a result of the termination or dismissal order.
Id.
The district court awarded back pay in compliance with subdivision 11, except *442 back pay for 12 months prior to the court's order was excluded. The trial court excluded this amount because it believed the school district was not responsible for all of the delay in this matter.
Respondent is entitled to back pay for the entire period after he was placed on involuntary leave of absence. Id. Section 125.12, subd. 11 does not contain any language limiting its application. Respondent shall receive "all compensation withheld" minus any amounts arising from respondent's duty to mitigate damages. See Soules v. Independent School District No. 518, 258 N.W.2d 103, 105-08 (Minn.1977); Stevens v. School Board of Independent School District No. 271, 296 Minn. 413, 415, 208 N.W.2d 866, 868 (1973).

DECISION
The school board's placement of respondent on unrequested leave of absence was improper because it violated his due process and seniority rights. Respondent is entitled to reinstatement and reimbursement for all compensation withheld as a result of the school board's improper action, less amounts properly mitigating damages. We remand for a determination of the amount of this compensation.
Affirmed in part, reversed in part, and remanded.