Ron BATES, Relator,

v.

INDEPENDENT SCHOOL DISTRICT NO. 482, LITTLE FALLS, in its capacity as administrative district for Independent School District No. 979, Respondent.

No. CX–85–1398.

Court of Appeals of Minnesota.

Jan. 7, 1986.

Donald W. Selzer, Jr., Oppenheimer, Wolff, Foster, Shepard & Donnelly, St. Paul, for relator.

Douglas P. Anderson, Rosenmeier & Anderson, Little Falls, for respondent.

Heard, considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ.

## OPINION

POPOVICH, Chief Judge.

This is an appeal of a school board decision placing relator on unrequested leave of absence. Relator claims (1) the hearing examiner employed was unqualified and biased, and (2) respondent failed to provide sufficient evidence to support its grounds for placing relator on unrequested leave pursuant to Minn.Stat. § 125.12, subd. 6b. We affirm.

## FACTS

Relator Ron Bates is employed by the Mid-State Educational Cooperative (Mid-State), Independent School District No. 979, as a continuing contract teacher. Mid-State was formed in 1971 to provide vocational and special education as a regional cooperative comprised of five member school districts. Respondent Independent School District No. 482, Little Falls, is the administrative district for Mid-State.

During the 1984–85 school year, Bates was employed in two continuing contract positions. First, he was employed full time as a learning disabled teacher at the Dr. S.G. Knight Elementary School in Randall, Minnesota. He worked there Monday through Friday from 8:00 a.m. to 4:00 p.m.

Second, he was employed part time as coordinator for the Continuing Education Center (CEC). Bates worked six hours on each Tuesday and Thursday evening to fulfill his 12 hour commitment.

For one year, John Russell, director of Mid-State, had been considering restructuring the Independent School District No. 979 special education services. Plans included consolidating existing programs and altering emphasis from curative to prevention approach. Russell projected funding for the new program could be obtained from nonlocal sources. He decided to recommend termination of the part time CEC position and replace it with a full time position. The new position would require travel to schools within the cooperative during working-day hours.

On April 8, 1985, respondent passed a resolution proposing to place relator on unrequested leave of absence from his CEC position as of the close of the 1984–85 school year. Relator received a letter of notice informing him of his right to a hearing which stated:

> For your information, however, this action is taken because of the discontinuance of your position; namely CEC tutor with the Mid-State Cooperative in School District 482, because of the financial condition of this school district and the decline in its enrollment.

On May 9, 1985, relator's requested hearing was held before Gordon H. Hansmeier, a St. Cloud, Minnesota lawyer. At the hearing, relator's representative's objection to Hansmeier as being unqualified was denied. On May 17, 1985, Hansmeier recommended relator be placed on unrequested leave and on May 28, 1985, respondent voted to place relator on unrequested leave as proposed and recommended.

## ISSUES

1. Was the hearing examiner qualified?

2. Was relator properly placed on unrequested leave of absence pursuant to Minn. Stat. § 125.12 (1984)?

## ANALYSIS

1. Relator claims the hearing examiner employed was not qualified. At the hearing, the examiner stated he was a lawyer, but conceded he was not among the three types of examiners listed in *Schmidt v. Independent School District No. 1,* 349 N.W.2d 563 (Minn.Ct.App.1984).

Among those qualified to serve as the hearing examiner are:

(1) Retired judges.

(2) A state hearing examiner hired pursuant to Minn.Stat. § 14.55 (Supp. 1983).

(3) An arbitrator qualified by the State Public Employment Relations Board pursuant to Minn.Stat. § 179.72 (Supp.1983).

*Id.* at 568.

■ Relator incorrectly interprets that list as exclusive. A hearing examiner is not conclusively unqualified merely because he is not among those listed in *Schmidt.* An independent showing of bias or lack of qualification or neutrality is necessary. Relator has not made such a showing.

■ Evidence does not establish the hearing examiner possessed any bias against relator. *Cf. Pinkney v. Independent School District No. 691,* 366 N.W.2d 362, 365 (Minn.Ct.App.1985) (hearing examiner had a matter pending before the involved school district's attorney, who was acting as a hearing examiner for another school district represented by the first hearing examiner). Here, no history of bias in favor of school districts was demonstrated, but relator claims the hearing examiner's lack of experience is a factor to be considered. We disagree. Experience is not requisite to constitute qualification. Were that so, existing hearing examiners would form an exclusive group and inexperienced and otherwise qualified persons would be excluded.

■ As stated in *Kroll v. Independent School District No. 593,* 304 N.W.2d 338 (Minn.1981), the concern is that boards of education should not be prosecutor, judge, and jury in these matters. That has not

been shown as the case here. Relator has not demonstrated the examiner possessed any lack of skill, integrity, bias, or any predisposition to favor the school district's position. We therefore cannot find the hearing examiner unqualified based on this record.

2. Relator claims respondent failed to produce evidence sufficient to justify its bases for placing relator on unrequested leave of absence. In its letter notifying relator of its proposed action, respondent stated its reasons were discontinuance of position, financial conditions, and decline in enrollment.

> The school board may place on unrequested leave of absence, without pay or fringe benefits, as many teachers as may be necessary because of *discontinuance of position, lack of pupils, financial limitations, or merger of classes caused by consolidation of districts.*

Minn.Stat. § 125.12, subd. 6b (1984) (emphasis added).

> Our scope of review of a school board's decision to place a teacher on unrequested leave of absence is limited.

A school board's decision to terminate a teacher or principal should be set aside only if the decision is fraudulent, arbitrary, unreasonable, not supported by substantial evidence on the record, not within the school board's jurisdiction, or is based on an erroneous theory of law.

*Pearson v. School Board of Independent School District No. 381,* 356 N.W.2d 438, 440 (Minn.Ct.App.1984) (quoting *Liffrig v. Independent School District No. 442,* 292 N.W.2d 726, 729 (Minn.1980)).

> Review of a school board's decision to place teachers on unrequested leave of absence is limited, and this court seldom will find a board's decision is not supported by substantial evidence.

*Pinkney,* 366 N.W.2d at 365.

Relator claims respondent failed to produce evidence showing decline in enrollment. Review of the hearing transcript supports relator and enrollment would probably continue to be the same.

Regarding financial limitations, respondent argues it will save approximately $12,000 through total revision of the Mid-State program. John Russell testified at the hearing and insisted the CEC position could not be analyzed independently of the total program. He stated the totality of the revisions would permit nonlocal funding to be used, and that change would result in the $12,000 savings. He admitted the new position itself would not save, but would require additional money.

■ Relator argues unrequested leave of absence must be necessary because of financial limitations. *See* Minn.Stat. § 125.12, subd. 6b. While absolute financial necessity need not be shown, *Laird v. Independent School District No. 317*, 346 N.W.2d 153, 156 (Minn.1984), more than mere financial convenience must be demonstrated.

■ While evidence may be lacking to support the grounds of enrollment decline and financial limitations alone, respondent has provided sufficient evidence to support the ground of discontinuance of relator's position. A single statutory ground is sufficient to support respondent's actions. *See id.*

■ As admitted by relator, "A teacher is entitled to continue in his or her position unless the school district genuinely discontinues that position." Relator claims the CEC position was not discontinued, but was merely combined with an additional assignment. A new and distinct full time position has been created, however, which incorporates the part time position's duties. The new full time position is designed to encompass a new scope and it appears essential to the school district that a single person perform all the duties related to this new position. Relator still retains his other full time position, which hours are inconsistent with the new full time position.

Respondent cites *State ex rel. Dreyer v. Board of Education*, 344 N.W.2d 411 (Minn.1984). There a full time principal was placed on unrequested leave regarding one-half of his position. A full time teaching position for which he was qualified became available. Dreyer wished to remain as part time principal and assume part time teaching duties. The Board denied his request. The Minnesota Supreme Court remanded for determination whether "sound educational policy" supported the Board's denial.

Here, at the hearing, respondent offered evidence of sound educational policy supporting its decision not to retain relator as a part time CEC coordinator and employ another individual to assume all other duties of the new full time position. The primary reasons were flexibility and continuity, which would be necessary to treat the needs of special students in a preventative as well as a curative fashion.

Respondent's decision to discontinue relator's part time position and create a comprehensive full time position has not been shown to be arbitrary or unreasonable, and is certainly within the school board's jurisdiction. The decision is supported by credible planning, thought by the school district to be in the students' best interests. Relator's position as it formerly existed has been discontinued.

### DECISION

Based on the record before us, the hearing examiner employed was qualified. Relator was properly placed on unrequested leave of absence.

Affirmed.