**ROSEVILLE EDUCATION ASSOCIATION, et al., Relators,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 623, Respondent.**

No. C2–85–1377.

Court of Appeals of Minnesota.

Jan. 14, 1986.

Review Granted March 27, 1986.

Daniel E. Warner, Minneapolis, for relators.

Joseph E. Flynn, Patrick J. Flynn, Pioneer Press/Dispatch Bldg., St. Paul, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and WOZNIAK and LANSING, JJ.

## OPINION

CRIPPEN, Judge.

The Roseville Education Association and 13 teachers appeal by writ of certiorari

from Independent School District No. 623 School Board's decision to place the teachers on unrequested leaves of absence pursuant to Minn.Stat. § 125.12, subd. 6(b) (1984). They contend the School Board's decision was arbitrary, capricious, and unreasonable. The School Board moved to discharge certiorari. We reverse.

## FACTS

On March 28, 1985, the School Board passed resolutions proposing to place 24 teachers and two deans on unrequested leaves of absence. In each case three reasons were given for the unrequested leaves: discontinuance of position, lack of pupils, and financial limitations. On April 25, 1985, the School Board passed resolutions proposing to place 10 additional teachers on unrequested leaves. The same three reasons were given. On April 30, 1985, the School Board passed another resolution placing an additional teacher on unrequested leave, again citing the same three reasons. Of the total of 35 teachers proposed for placement on unrequested leave, 23 requested a hearing within the . 14-day period provided by Minn.Stat. § 125.12, subd. 4. The only relator who requested a hearing is Glenda Wielinski.

An unrequested leave hearing was scheduled for May 20, 1985. Before the hearing began, a School Board member moved to rescind all but two of the proposed leaves for the 23 teachers who had requested hearings. Before the motion was voted upon, a teacher representative gave the School Board a letter from Wielinski stating her desire to withdraw her request for a hearing because she would be the only one at the hearing. The School Board then passed a resolution rescinding the proposed unrequested leaves for the teachers who had requested hearings. A hearing was then held regarding the unrequested leave of Gertrude Mayer. Three days after the School Board rescinded the leaves of the teachers who had requested hearings, it adopted resolutions placing the 13 teachers involved in this appeal on unrequested leaves. The resolutions each stated that the teachers had not made a request for a hearing and that a failure to request a hearing within 14 days after receipt of a notice of a proposed placement on unrequested leave constitutes acquiescence to placement on unrequested leave. On the same day the board also adopted a resolution rescinding the proposed leaves for the two deans.

The 13 teachers appealed to this court by writ of certiorari. The School Board moved to discharge certiorari on the grounds that relators failed to request appeals before the School Board. This court deferred the motion to discharge and award fees until the consideration of the appeal on the merits.

## ISSUES

1. May the teachers appeal to this court by writ of certiorari?

2. Was the placement of the relators on unrequested leave arbitrary, capricious, and unreasonable?

## ANALYSIS

1. The School Board moved to dismiss certiorari arguing that certiorari is available only when there is no other available remedy, relators had a statutory remedy that they failed to exercise, and since they failed to exercise their statutory rights, they have no right for review by writ of certiorari.

Minn.Stat. § 125.12, subd. 4 (1984) provides in part:

Before a teacher's contract is terminated by the board, the board shall notify the teacher in writing and state its ground for the *proposed* termination in reasonable detail together with a statement that the teacher may make a written request for a hearing before the board within 14 days after receipt of such notification. Within 14 days after receipt of this notification the teacher may make a written request for a hearing before the board and it shall be granted upon reasonable notice to the teacher of the date set for the hearing, before *final action*

is taken. If no hearing is requested within such period, it shall be deemed acquiescence by the teacher to the board's action.

Minn.Stat. § 125.12, subd. 4 (emphasis added). In this case, only one of the appealing teachers requested a hearing on the proposed termination. She subsequently withdrew the request. This failure to request a hearing on the proposed placement on unrequested leave does not preclude review of a final action actually placing the teachers on unrequested leave. *See Atwood v. Independent School District No. 51*, 354 N.W.2d 9, 13 (Minn.1984).

> [T]here is a cléar legal distinction between a *proposed* placement on unrequested leave of absence and *actual* placement on unrequested leave of absence * * *.

*Id.* (Emphasis in original).

■ The supreme court has prescribed review by certiorari as follows:

> Certiorari will lie to review quasi-judicial proceedings when there is no appeal and no other adequate remedy.

*Plunkett v. First National Bank of Austin*, 262 Minn. 231, 233 n. 2, 115 N.W.2d 235, 237 n. 2 (1962). The board concedes that it was acting in a quasi-judicial capacity when it placed relators on unrequested leaves, but argues there is an adequate statutory remedy that the relators failed to pursue. While there is a statutory right for challenging proposed placements, there is not a statutory right to appeal the final or actual placement. Thus, review by writ of certiorari is proper.

The School Board claims there is Minnesota case law that is dispositive of this issue. *See Pinkney v. Independent School District No. 691*, 366 N.W.2d 362 (Minn.Ct.App.1985). We disagree. *Pinkney* was decided on the merits, not upon the jurisdictional issue.

■ 2. Our scope of review is limited. We will not set aside the School Board's decision unless it is arbitrary, capricious, or unreasonable, not supported by substantial evidence in the record, not within its juris-diction or based upon erroneous theory of law. *See Schmidt v. Independent School District No. 1*, 349 N.W.2d 563, 565–66 (Minn.Ct.App.1984) (citing *Ganyo v. Independent School District No. 832*, 311 N.W.2d 497, 500 (Minn.1981)). Relators contend that their placement on unrequested leave was arbitrary, capricious, and unreasonable because (1) several of them are senior to those whose proposed leaves were rescinded and (2) the School Board determined who would be placed on unrequested leave solely on the basis of whether he or she requested a hearing.

■ A writ of certiorari is designed to bring up for review the final determination of an inferior tribunal. *Youngstown Mines Corp. v. Prout*, 266 Minn. 450, 482, 124 N.W.2d 328, 349 (1963). By its nature, it is a review based solely upon the record. *Amdahl v. County of Fillmore*, 258 N.W.2d 869, 874 (Minn.1977). The record in this case is sparse and consists only of School Board resolutions, the transcript of the May 20 hearing, notices of the proposed placement on unrequested leave, and notices of the final determination. In contending the School Board's decision violates some of the teachers' statutorily granted seniority rights, the relators would engage this court in factfinding based upon extra record materials. We decline to do this. The issue could have been properly considered in an action for declaratory or injunctive relief. *See, e.g., Jerviss v. Independent School District No. 294*, 273 N.W.2d 638 (Minn.1978). Likewise, there is an insufficient factual basis for this court to consider relators' equal protection claim.

■ The remaining question is whether the School Board acted improperly when it placed teachers who did not seek a hearing on unrequested leave and rescinded the proposed leaves of those who sought a hearing. We conclude that the School Board's decision was arbitrary and based upon an error of law.

Before the scheduled requested leave hearing was to begin, the School Board voted to rescind the proposed unrequested leaves of all but two of the 23 teachers who

had requested hearings. One of the two teachers submitted a letter withdrawing her request for a hearing before the board's action. The other was clearly involved in a unique situation. The School Board gave no reason for its decision to rescind. Several days later the board voted to place the teachers who had not opted for a hearing on unrequested leave. The teachers who did not request a hearing were deemed to have acquiesced, and no other reasons were given for the action.

Under the circumstances, it is apparent that the decisive factor for determining whether a particular teacher was to be placed on unrequested leave was whether he or she requested a hearing. When the School Board initially proposed to place the teachers on unrequested leave, it said it planned to do so for three reasons: declining enrollment, discontinuance of position, and financial limitations. In May, however, the board took action based solely upon whether a teacher had requested a hearing. The original reasons given were not reviewed or recited. In essence, the board perceived that those who had not requested a hearing were vulnerable and placed them on unrequested leave.

The legislature has provided four reasons for placing a teacher on unrequested leave. *See* Minn.Stat. § 125.12, subd. 6b. Failure to request a hearing is not among the reasons. In addition, if we were to accept the School Board's position, we would have to accept it when there had been a material change in circumstances between the initial proposal to place teachers on unrequested leave and the final placement on unrequested leave. Such a decision would be contrary to the statutory policy of protecting continuing contract teachers from arbitrary termination. *See Laird v. Independent School District No. 317*, 346 N.W.2d 153, 155 (Minn.1984).

Finally, if we affirm the School Board's decision, every teacher who is proposed to be placed on unrequested leave will feel compelled to request a hearing. The resulting burden upon school boards would run counter to the second policy embedded in Minnesota's teacher contract statutes: allowing school boards the flexibility to deal with declining enrollments, financial limitations, and the other problems encountered in the administration of a school system. *See id.*

In *Pinkney,* we recognized that a teacher who made no request for a hearing could not enjoy the relief given to others when a board decision was reversed. 366 N.W.2d 362. The School District contends this holding endorses its distinction between those who contest and those who acquiesce in a leave proposal. We disagree. The holding in *Pinkney* does not make prior acquiescence an additional independent ground for a leave decision of a board.

### DECISION

The School Board's decision was arbitrary and based upon an error of law.

Reversed.