**In re the Proposed Immediate Discharge of Lester ETIENNE from Independent School District No. 241.**

**No. C4–90–651.**

Court of Appeals of Minnesota.

Sept. 18, 1990.

Review Denied Nov. 7, 1990.

Harley M. Ogata, Roger L. Barrett, Minnesota Educ. Ass'n, St. Paul, for relator Etienne.

Marie Skinner, Joseph E. Flynn, Knutson, Flynn, Hetland and Deans, St. Paul, for respondent.

Considered and decided by GARDEBRING, P.J., and HUSPENI and DAVIES, JJ.

## OPINION

DAVIES, Judge.

Relator, a teacher, challenges his immediate discharge, arguing that the hearing process used under Minn.Stat. § 125.12 (1988 and Supp.1989) is unconstitutional on its face and denied him due process. Relator also argues that the school board did not have substantial evidence to reject the hearing officer's findings. We affirm.

## FACTS

Respondent Independent School District No. 241 began proceedings to terminate one of its teachers, relator Lester Etienne, after receiving a letter from a former student in May 1989. The letter, to a former principal, discussed a sexual relationship that the student had with relator beginning in her senior year (1976–77) and continuing after her graduation from Albert Lea High School. Respondent, through its school board, notified relator of its resolution to terminate him because of the relationship and suspended him with pay pending final board action.

After receiving notice of the proposed termination, relator requested a hearing on the issues. The school board appointed an

independent hearing officer. Relator did not object to the appointment of the particular hearing officer. After a four-day hearing in October and November 1989, the hearing officer issued proposed findings, conclusions, and a recommendation on January 2, 1990. He issued a clarification of the findings on January 18, 1990. The clarification recommended that relator be suspended without pay for one year.

On January 23, 1990, the school board passed a resolution rejecting the hearing officer's recommendation, and terminating relator, effective immediately. The termination was issued pursuant to Minn.Stat. § 125.12, subd. 8 (Supp.1989). Subdivision 8 provides that a school board may terminate a teacher, effective immediately, for specified deficiencies including immoral conduct and conduct unbecoming a teacher. The board also rejected several findings of the hearing officer and made eight findings of its own to support the resolution. Relator now challenges the board's action by writ of certiorari.

## ISSUES

1. Was relator denied due process in the termination proceedings?

2. Did the board properly reject findings of the hearing officer?

## ANALYSIS

1. *Due Process*

█ Relator first argues that the hearing procedures used violate the due process clauses of the fifth and fourteenth amendments to the U.S. Constitution. Respondent concedes that relator, a continuing contract teacher, has a constitutionally protected property interest in his employment. Under *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) the termination procedures provided by the school board must comport with the due process clause.

Minn.Stat. § 125.12, subd. 9 (1988) provides for notice to the teacher and for a hearing prior to termination. At the hearing, which may be open to the public, the board and the teacher may be represented by counsel, and the counsel may examine and cross-examine witnesses and present arguments. All witnesses are under oath and the board clerk may subpoena witnesses and records needed by either party. A court reporter records the proceedings and a transcript is available on request.

In a line of cases beginning with *Kroll v. Independent School District No. 593*, 304 N.W.2d 338 (Minn.1981), Minnesota appellate courts have added a gloss on section 125.12 that requires school boards to hire an independent hearing officer to conduct a section 125.12 hearing. In fact, in *Pearson v. School Board of Independent School District No. 381*, 356 N.W.2d 438, 441 (Minn.App.1984), this court held that it was a violation of a teacher's due process rights to fail to hire an independent hearing officer. Since *Pearson*, a significant line of cases has evolved upholding the procedures employed under section 125.12. *See Bates v. Independent School District No. 482*, 379 N.W.2d 239 (Minn.App.1986); *Russell v. Special School District No. 6*, 366 N.W.2d 700 (Minn.App.1985).

While upholding the procedures, this line of *termination* cases has not addressed the questions raised by relator: whether a school board can reject a hearing officer's findings and recommendations and, if so, whether any standards exist regarding the circumstances under which the findings or recommendations may be rejected. However, in *Freier v. Independent School District No. 197*, 356 N.W.2d 724 (Minn.App. 1984), a defamation action, this court answered the first question by stating that school boards are not required to follow the recommendations of the hearing officer even though the boards are required to utilize officers. 356 N.W.2d at 731. *Freier* arose in the context of a teacher's suit for defamation based on publication of findings regarding the teacher's wrongful termination. The district court had held that the school board was not entitled to an immunity defense because, in rejecting the hearing officer's recommendation to retain the teacher, the school board was not following the requirements of law. This court reversed on that issue, saying that

school boards are not required to follow the hearing officer's recommendations. *Id.* Though *Freier* did not arise in the termination context, its holding is applicable here because the court was forced to rule on the rejection issue.

Still, relator argues that the recommendation of the hearing officer should be binding on the school board. This, however, would raise the status of the hearing officer, chosen unilaterally by the board, to that of a binding arbitrator. Due process does not require this, and we decline to grant such powerful authority to hearing officers absent any statutory requirement that we do so.

We also note that there is no due process requirement that the person who builds the record be the ultimate decisionmaker. *See State ex rel. Holton v. Board of Education of Independent School District No. 84,* 301 Minn. 275, 282, 222 N.W.2d 277, 282 (1974). In *Mathews v. Eldridge,* 424 U.S. 319, 334, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976), the Supreme Court stated that due process is a flexible notion and that the process that is required is a process that is reasonable under the circumstances. Here, relator was afforded a pretermination hearing, before an impartial officer, on the record, where he was represented by counsel, presented witnesses, and cross-examined witnesses. Furthermore, one board member was present at all times to observe the demeanor of the witnesses. Relator cannot argue that he has not been afforded a meaningful opportunity to respond to the allegations.

*Kroll* seemed to suggest that hearing officers are required so that school boards will not be "prosecutor, judge, and jury." *Kroll,* 304 N.W.2d at 345. We believe the hearing officer procedure is not designed in every case to remove the school board as "judge." The procedure can serve the more limited, but still vital, purpose of assuring a fairly constructed record. In *Liffrig v. Independent School District No. 442,* 292 N.W.2d 726 (Minn.1980), a hearing officer case before *Kroll,* the court observed:

> [The wisdom of using a hearing officer] is particularly true where, as here, two members of the school board testified as witnesses and one board member acted as judge. Such a proceeding may well lack fundamental fairness.

*Liffrig,* 292 N.W.2d at 730. Clearly, the concern in *Liffrig* was to have a procedure to construct a full and honest record, instead of one distorted by board involvement. That purpose was served in this case even though the board, in the end, made its own findings and conclusion.

### 2. *Findings*

Relator challenges the board's rejection of numerous findings of the hearing officer. At oral arguments, relator also argued that this court would not have to go so far as to require that hearing officer recommendations bind the board because binding findings would be enough. But findings might effectively bind the board to the hearing officer's recommendation. Further, relator suggests this court should merely add standards under which a hearing officer's recommendations could be rejected. Again, due process does not require more than was given here. At most, the board was required to specify reasons for its rejection of the officer's findings. *Cf. City of Moorhead v. Minnesota Public Utilities Commission,* 343 N.W.2d 843, 847 (Minn.1984); *Beaty v. Minnesota Board of Teaching,* 354 N.W.2d 466, 472 (Minn.App.1984). The board here specified reasons. Furthermore, despite relator's suggestions, there are already standards which the board must meet before it can reject the officer's findings. The board itself must find a teacher deficient within the meaning of section 125.12, subd. 8, and must have substantial evidence of record to support that finding.

A school board's decision to terminate should not be set aside unless it is "fraudulent, arbitrary, unreasonable, not supported by substantial evidence on the record, not within the school board's jurisdiction, or is based on an erroneous theory of law." *Kroll,* 304 N.W.2d at 342 (quoting *Liffrig,* 292 N.W.2d at 729). The board here had before it testimony from the stu-

dent that directly supported the rejection of each finding. This constitutes substantial evidence on the record. Relator's argument fails.

## DECISION

The procedures under which relator was terminated fully comport with the due process clause. Furthermore, the board's rejection of the hearing officer's findings is supported by substantial evidence in the record. Accordingly, we affirm the decision of the school board.

Affirmed.