**Marshall HERFINDAHL, petitioner, Appellant,**

v.

**INDEPENDENT SCHOOL DISTRICT NO. 126, CLARA CITY, Minnesota, Respondent.**

No. 82–152.

Supreme Court of Minnesota.

Oct. 22, 1982.

Oppenheimer, Wolff, Foster, Shepard & Donnelly and Marko J. Mrkonich, St. Paul, for appellant.

Peterson, Popovich, Knutson & Flynn and Patricia A. Maloney, St. Paul, for respondent.

YETKA, Justice.

Marshall Herfindahl appeals from an order of the Chippewa County District Court which determined that a resolution of the Clara City School Board placing him on unrequested leave of absence as of June 1, 1981, was void, but directed that the board hold another hearing to be conducted by an independent hearing examiner and thereafter make specific findings of fact if it determined to place appellant on unrequested leave of absence. He also appeals from a second order denying his motion that the court clarify its prior order by stating that the remanded hearing could not affect appellant's contract status for the 1981–1982 school year. We have concluded, contrary to the school district's claim, that the orders are appealable and that if they were construed at the hearing held before the hearing examiner in February 1982 to authorize consideration of evidence not presented at the original hearing, they contravene Minn. Stat. § 125.12 (1980).

Appellant was employed by the school district as a full-time tenured teacher of art for the school year 1980–1981.[1] In January 1981, the school board requested the administrative staff to submit plans for reducing school expenses because of a projected loss of revenue in future years. On April 20, 1981, pursuant to the staff's recommendation, the board adopted a resolution discontinuing appellant's position and placing him on unrequested leave of absence without pay effective at the end of the 1980–1981 school year. Minn.Stat. § 125.12, subd. 6b (1980) provides in part:

> The school board may place on unrequested leave of absence, without pay or fringe benefits, as many teachers as may be necessary because of discontinuance of

position, lack of pupils, financial limitations, or merger of classes caused by consolidation of districts. The unrequested leave shall be effective at the close of the school year.

The grounds stated in the resolution were "fewer numbers of students in Grades K–12 in the Clara City Public Schools, the discontinuance of this position to reduce expenditures in the school district."

The board also promptly gave notice to appellant of its intention to place him on the unrequested leave at the end of the school year, as required by Minn.Stat. § 125.12, subd. 6b(i), making section 125.12, subdivision 4, applicable to placement on unrequested leave of absence. Section 125.12, subdivision 4, provides in part:

> A teacher who has completed his probationary period in any school district, and who has not been discharged or advised of a refusal to renew his contract pursuant to subdivision 3, shall have a continuing contract with such district. Thereafter, the teacher's contract shall remain in full force and effect, except as modified by the mutual consent of the board and the teacher, until terminated by a majority roll call vote or the full membership of the board * * * prior to June 1 upon one of the grounds specified in subdivisions 6a or 6b, * * *. * * * Before a teacher's contract is terminated by the board, the board shall notify the teacher in writing and state its ground for the proposed termination in reasonable detail together with a statement that the teacher may make a written request for a hearing before the board within 14 days after receipt of such notification. Within 14 days after receipt of this notification the teacher may make a written request for a hearing before the board and it shall be granted before final action is taken. * * * Such termination shall take effect at the close of the school year in which the contract is terminated in the manner aforesaid.

---

1. Although he taught half-time at the nearby Maynard school district under an informal arrangement between the districts, the respon-

dent district concedes that appellant had continuing contract rights to a full-time position as provided in Minn.Stat. § 125.12, subd. 4 (1980).

Appellant requested a hearing which was held on May 19, 1981.

On May 21, 1981, the board adopted the following resolution:

WHEREAS: the Board of Education has an obligation to provide a sound education for all children of the district and

WHEREAS this obligation includes among other things that the Board maintain fiscal responsibility and

WHEREAS—financial projections indicate that funds will not be available to cover expenses unless adjustments are made

THEREFORE BE IT RESOLVED— that the Art position be discontinued; that Mr. Marshall Herfindahl be placed on unrequested leave of absence and that he be so notified by registered or personal delivery of a letter which shall refer to this resolution, and that the resolution is made in accordance with M.S. 125.12, subd. B.[2]

The board served a notice of the resolution and a copy on appellant the following day.

Appellant obtained a writ of certiorari in the district court, contending that the board's action in conducting the hearing and adopting the resolution was illegal on several grounds. Following a hearing and review of the transcript of the board hearing, the trial court issued an order on December 30, 1981, determining that the resolution was "void and of no force and effect" because the school board had not made specific findings of fact and that it was impossible to determine from the resolution the basis for its action. The court determined further that the record before it did not contain substantial and competent evidence to justify placing appellant on unrequested leave of absence because of lack of pupils or because of financial limitations of the district. The trial court did not order reinstatement of appellant, however, and instead remanded the matter with directions that the board conduct a hearing in the presence of an independent hearing examiner.

■ The first issue before this court is the appealability of the lower court's or-

ders. A party to a special proceeding may appeal "from the final order or judgment affecting a substantial right." Minn.R.Civ. App. 103.03(h). The school district has urged that the orders were interlocutory because the court did not make a final determination as to whether appellant was entitled to reinstatement or backpay. Appellant's concern, however, is directed to the denial of his claim that the school district could take no action after June 1, 1981, affecting his status as a tenured teacher during the 1981–1982 school year. That claim was finally determined by the orders under review and clearly affected a substantial right. Thus, to that extent, they are appealable.

■ The more troublesome issue is whether a hearing of the scope apparently contemplated by the trial court's order could affect appellant's status for the 1981– 1982 school year. The school board's position is that the court had unlimited authority to remand the matter for a full evidentiary hearing. Examination of Minn.Stat. § 125.12 (1980), convinces us that a judicially ordered hearing held after June 1, 1981, must be considerably limited in scope if it is directed at justifying the placing of appellant on unrequested leave of absence as of that date. This court has consistently held that a school board is required to comply strictly with the provisions of section 125.12 in discharging a teacher who has a continuing contract. See Perry v. Independent School Dist. No. 696, 297 Minn. 197, 202, 210 N.W.2d 283, 287 (1973). Several provisions in that statute require us to conclude that the legislature did not intend to afford a school district unrestricted opportunity to support a challenged decision to terminate or place a tenured teacher on unrequested leave of absence after the statutory deadline.

As stated, appellant requested the hearing which was his right under section 125.-12, subdivision 4. That subdivision also provides that the placement on unrequested absence should "take effect at the close of the school year in which the contract is

2. Apparently referring to Minn.Stat. § 125.12, subd. 6b (1980).

terminated *in the manner aforesaid.*" (Emphasis added.) The implication of the provision is that a termination intended to be effective June 1, 1981, would not be effective at that time if the board had not complied with the statute.

Section 125.12, subdivision 9, relates to the type of hearing accorded appellant. Among its requirements is that dismissal of a teacher be "based upon substantial and competent evidence in the record." The trial court did not find that this requirement had been met. It did find that the board had not complied with section 125.12, subdivision 10, which requires that "its decision shall include findings of fact based upon competent evidence in the record and shall be served on the teacher, accompanied by an order of termination or discharge * * * prior to June 1 for grounds specified in subdivision 6a or 6b." Appellant urges that, because of the board's failure to comply with these requirements, no action taken after June 1, 1981, can affect his status for the 1981–1982 school year. There is some merit in his position.

We are aware, however, that school boards perform a complex and often difficult administrative function. We have recognized that the tenure law was not meant to place unreasonable restrictions on the board's discretionary power "to make the best selections consonant with the public good." *McSherry v. City of St. Paul,* 202 Minn. 102, 108, 277 N.W. 541, 544 (1938). Consequently, we hold that when a school board has in good faith attempted to comply with the requirements of section 125.12 and has served a copy of its resolution placing a tenured teacher on unrequested leave of absence prior to June 1, if its resolution is ineffective for lack of sufficient findings of fact, such findings may be supplied after June 1 and the resolution will then be effective as of that date.

The central importance to both parties of the hearing required by section 125.-12, subdivisions 4 and 9, however, leads us to conclude that the legislature did not intend to empower the school board to hold another hearing after the June 1, 1981, deadline, at which it would be free to introduce entirely new evidence to support its placement of appellant on unrequested leave of absence as of that date. Had the original hearing been conducted so early in the year that the remanded hearing before a hearing examiner could have been held, and the school board's decision issued and served upon appellant prior to June 1, a hearing *de novo* at which new evidence and new grounds for placing appellant on unrequested leave of absence would have been proper. Here, however, the remanded hearing was held some eight months after the statutory deadline. We hold that, in view of that fact, any decision reached by the board on the basis of the remanded hearing cannot affect appellant's status for the 1981–1982 school year unless that hearing was in fact restricted to reception and consideration of the evidence which had been presented at the original hearing.

We remand with directions that the decision of the board made on the basis of the remanded hearing be submitted to the district court for review in accordance with this opinion at the request of appellant if that decision again places him on unrequested leave of absence as of June 1, 1981.

Remanded.