**In the Matter of the Discharge of Mitchell W. PETERSON.**

**No. C9-91-204.**

Court of Appeals of Minnesota.

Aug. 6, 1991.

Mark C. McCullough, Rex L. Buxton, Skaar & McCullough, Minneapolis, for relator.

Eric J. Magnuson, J. Dennis O'Brien, Chloethiel W. DeWeese, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

Considered and decided by SHORT, P.J., and FORSBERG and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

By petition for writ of certiorari, relator Mitchell Peterson appeals the termination of his employment as a tenured teacher with respondent Independent School District No. 281 claiming respondent's failure to comply with the procedural requirements of Minn.Stat. § 125.12 (1990) requires that his discharge be set aside.

## FACTS

Relator is a tenured teacher who, prior to his discharge, was employed by respondent for over twenty years. On July 3, 1990 relator received a letter from respondent signed by Ann Eilbracht, the district's Director of Human Resources. Eilbracht's letter notified relator of respondent's proposal to dismiss him and identified twelve specific factual allegations supporting the proposed discharge. Attached to the letter was a copy of Minn.Stat. § 125.12. The letter referred to the statute as setting forth the procedure to be followed should relator request a hearing on the proposed dismissal. The same day he received Eilbracht's letter, relator responded by formally requesting a hearing.

On July 16, 1990, respondent adopted its first resolution with regard to relator's proposed discharge. The resolution set forth Minn.Stat. § 125.12, subd. 8, as the basis for its action. The school board also specifically approved the appointment of a hearing officer as an independent fact-finder.

Prior to the July 16 meeting, Eilbracht conferred individually with each of the school board members. Eilbracht informed the board members that she recommended to the superintendent that relator be discharged and that she had a legal opinion to support her recommendation. Eilbracht, however, did not inform the board members of any specific facts constituting the grounds for discharge.

On August 20, 1990, the school board amended its July 16 resolution to add Minn. Stat. § 125.12, subd. 6, as an additional basis for action against relator. Counsel for the school district issued an amended notice of discharge which was sent to relator's attorney on August 21, 1990. The notice included the same twelve grounds supporting the proposed discharge and termination as contained in the July 3 notice.

A seven day hearing was held in September, 1990. The hearing examiner issued its finding of fact, conclusions of law and recommendations on November 13, 1990. The hearing examiner recommended that relator be discharged immediately pursuant to Minn.Stat. § 125.12, subd. 8. Alternatively, he recommended that Peterson be discharged pursuant to Minn.Stat. § 125.12, subd. 6. Both relator and the school district were served with copies of the examiner's findings, conclusions and recommendations.

On December 3, 1990, the school board resolved to discharge Peterson immediate-

ly. However, the resolution enumerated both Minn.Stat. § 125.12, subds. 6 and 8, as the basis for the discharge. Relator received notice of the board's resolution and his discharge by letter dated December 4, 1990.

## ISSUES

1. Did respondent fail to adhere to the notice and procedural requirements of Minn.Stat. § 125.12, in discharging relator as a teacher?

2. Did respondent proceed under an erroneous theory of law by dismissing relator based on grounds found in both Minn.Stat. § 125.12, subd. 6 (termination at the end of the school year) and Minn.Stat. § 125.12, subd. 8 (immediate discharge)?

## STANDARD OF REVIEW

■ In reviewing the termination of a teacher in a certiorari proceeding, the appellate court plays a limited role. This court is not at liberty to hear the case *de novo* and substitute its findings for those of the school board. *Ganyo v. Independent School Dist. No. 832*, 311 N.W.2d 497, 500 (Minn.1981).

A school board's decision to terminate a teacher or principal should be set aside only if the decision is fraudulent, arbitrary, unreasonable, not supported by substantial evidence on the record, not within the school board's jurisdiction, or is based on an erroneous theory of law.

*Liffrig v. Independent School Dist. No. 442*, 292 N.W.2d 726, 729 (Minn.1980). A continuing contract teacher can only be terminated upon strict compliance with the procedural requirements of Minn.Stat. § 125.12. *Herfindahl v. Independent School Dist. No. 126*, 325 N.W.2d 36, 38 (Minn.1982).

## I.

■ Relator argues his discharge should be set aside because the school board failed to strictly comply with the notice and procedural requirements of Minn.Stat. § 125.-12. He contends the notice of his proposed discharge was ineffective because it did not contain the statutorily required statement that the teacher is entitled to make a request for a hearing after receipt of the notice.

We find relator's claim to be without merit. The July 3, 1990, notice specifically referred to the procedural requirements of Minn.Stat. § 125.12, a copy of which was attached to the notice. Additionally, the notice provided "You will note that you have the right to select a private or public hearing."

In *Schmidt v. Independent School Dist. No. 1*, 349 N.W.2d 563, 567 (Minn.App. 1984), this court concluded that a written notice, by referring to the statute which controls the termination of a teacher's contract, sufficiently conveyed the grounds for discharge so as to place them at issue in compliance with the statutory procedural requirements. Here, the July 3 notice not only informed relator of his right to a private or public hearing, but also referred to the statute which expressly grants relator that right. Relator cannot reasonably claim the notice was defective when he responded by formally requesting a hearing upon receiving the notice.

■ Relator additionally argues the school board arbitrarily delegated to Eilbracht its duty to select the charges against him and to determine the statutory grounds for termination or discharge. Relator points to the fact that he received notice from Eilbracht almost two weeks before the board formally resolved to proposed his discharge.

■ "While a school board may delegate administerial tasks such as preparation of a notice form, it may not delegate its authority to terminate or demote continuing contract employees." *Finley v. Independent School Dist. No. 566*, 359 N.W.2d 749, 751 (Minn.App.1985). The record indicates Eilbracht discussed her recommendation with the superintendent and the legal opinion she had supporting termination with each board member prior to the adoption of the July 16 resolution. However, she did not give the school board members specific

facts.[1] Relator argues that Eilbracht, and not the school board, exercised discretion in choosing the statutory grounds for relator's discharge. We cannot agree.

The mere fact that Eilbracht recommended relator's discharge to the superintendent does not establish that the board merely "rubber stamped" the decision. That the board acted on Eilbracht's recommendation and ratified the proposed discharge does not mean it abdicated its discretionary authority. Relator has not shown that the board did not act on its own behest in proposing his dismissal.

■ Relator additionally argues his dismissal should be set aside because the school board failed to comply with the procedural requirements of Minn.Stat. § 125.-12, subd. 10, mandating that the board's dismissal order include findings of fact and be served within ten days after conclusion of the hearing. We find relator was not prejudiced by the purported technical defects of the discharge order.

In *Herfindahl*, the Minnesota Supreme Court adopted a flexible approach in construing the statutory requirements of Minn.Stat. § 125.12, subd. 10. The court stated:

> we hold that when a school board has in good faith attempted to comply with the requirements of section 125.12 and has served a copy of its resolution placing a tenured teacher on unrequested leave of absence prior to June 1, if its resolution is ineffective for lack of sufficient findings of fact, such findings may be supplied after June 1 and the resolution will then be effective as of that date.

*Herfindahl*, 325 N.W.2d at 39.

Here, because the school board adopted the hearing examiner's findings by reference, which had already been served on relator, we find no merit in the claim that relator was not notified of the factual basis surrounding his dismissal.

■ Minn.Stat. § 125.12, subd. 10, expressly provides that the Findings of Fact and the Order for Termination or Dismissal "shall be served on the teacher * * * within ten days after conclusion of the hearing in the case of a discharge." The statute does not contemplate a hearing before an independent hearing examiner as now required by case law. *See, e.g., Kroll v. Independent School Dist. No. 593*, 304 N.W.2d 338, 345 (Minn.1981); *Liffrig*, 292 N.W.2d at 730. Accordingly, we construe "conclusion of the hearing" language in subdivision 10 to apply to the meeting at which the board adopts its decision to discharge the teacher, rather than the date the case is concluded before the hearing examiner or the date the hearing examiner issues its Findings of Fact.

## II.

Relator additionally argues his dismissal should be set aside as arbitrary, unreasonable and based on an erroneous theory of law, because a teacher cannot be terminated pursuant to Minn.Stat. § 125.12, subds. 6 and 8 in the same proceeding.

■ Whether a school board should dismiss a teacher under Minn.Stat. § 125.12, subd. 6 or subd. 8 is determined by the remediability of the teacher's conduct. *Kroll*, 304 N.W.2d at 345. If the teacher's conduct is remediable, he or she should be dismissed at the end of the school year under subdivision 6. In contrast, if the teacher's conduct is not remediable, he or she should be discharged immediately under subdivision 8. To determine whether conduct is remediable, the school board must consider:

(1) The teacher's prior record;

(2) The severity of the conduct in light of the teacher's record;

---

**1.** The Minnesota Supreme Court has questioned the fairness of termination proceedings which permit local school boards to exercise the three-part role of prosecutor, judge and jury. The court has determined that absent unusual or extenuating circumstances, an independent hearing officer should be hired to assure that a teacher's due process rights are protected. *Kroll v. Independent School Dist. No. 593*, 304 N.W.2d 338, 345 n. 3 (Minn.1981). If the purposes for requiring an independent hearing examiner are to be preserved, the board should be insulated to some degree from the factual specifics to insure that it does not prejudge the case.

692

(3) The threatened physical or psychological harm; and

(4) Whether the conduct could have been corrected had the teacher been warned by superiors.

*Kroll,* 304 N.W.2d at 345–46.

■ Relator argues his dismissal under alternative subdivisions should be set aside because the school board initially concluded his conduct was irremediable and then subsequently conceded his conduct was remediable.

Minn.Stat. § 125.12, subds. 6 and 8 have different termination procedures and consequences. However, we cannot conclude that a teacher's conduct can be grounds for termination under only one of the subdivisions. We are not compelled to constrain a school district from proceeding alternatively under both subdivisions.

The hearing examiner specifically determined that the statutory grounds for termination existed under both subdivisions. The examiner noted "Peterson's conduct included both remediable and irremediable acts." The hearing examiner recommended that relator be discharged immediately, or in the alternative, that he be terminated at the end of the school year. Because relator's immediate discharge is supported by the record, we affirm.

DECISION

The school board did not fail to comply with the procedural requirements of Minn. Stat. § 125.12 so as to deprive relator of due process, nor did it proceed under an erroneous theory of law in proposing to discharge him under both Minn.Stat. § 125.12, subds. 6 and 8.

Affirmed.